IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

FILED
DISTRICT OF WYOMING
U.S. DISTRICT COURT

AUG 02 2018

U.S. MAGISTRATE JUDGE

ROBERT PREECE and BARBARA PREECE,

    Plaintiffs,

vs.

MICHAEL BURR,

    Defendant.

Case No. 2:18-cv-0078-SWS

## ORDER ON INITIAL PRETRIAL CONFERENCE

On July 31, 2018, an initial pretrial conference was held in this matter by telephone before the Honorable Mark L. Carman, United States Magistrate Judge for the District of Wyoming. Counsel participating were R. Daniel Fleck and Gabriel Phillips for Plaintiff, and John Fairless for Defendant.

**JURISDICTION AND VENUE —**

The Court has jurisdiction over both the parties and the subject matter of this action, and venue is proper in the United States District Court for the District of Wyoming. Proper service of process has been accomplished on all parties, and no parties are erroneously joined in or omitted from the action.

**CONSENT TO TRIAL BY MAGISTRATE JUDGE —**

The parties are all aware of the provisions of 28 U.S.C. § 636(c) and U.S.D.C.L.R. 73.1(a), and acknowledge that this case will proceed before the District Judge assigned hereto, and not

before the Magistrate Judge. However, the parties are not precluded from consenting to trial before a Magistrate Judge anytime sixty (60) days prior to the trial date.

**CLAIMS AND DEFENSES —**

This case arises from the July 1, 2016 car accident in Southeast Wyoming involving Plaintiffs' motorcycle and Defendant's truck. While Plaintiffs were passing Defendant in the left lane, Defendant veered left to drive onto his field, striking a cargo trailer being pulled by Plaintiffs. Plaintiffs lost control, crashed, and suffered severe injuries. Plaintiffs contend Defendant's turn was negligent, and seek damages for loss of income, loss of enjoyment of life, disability, pain and suffering and medical expenses.

Defendant generally denies Plaintiffs' allegations and asserts the following affirmative defenses: Plaintiff failed to state a claim; Plaintiff's failed to mitigate their damages; Plaintiffs' injuries were unrelated to Defendant's actions; Plaintiffs' financial payout must be reduced by set-offs from other sources; and Plaintiffs or other individuals were at fault. The Defendant reserves the right to assert additional affirmative defenses.

**COMPLEXITY OF THE CASE —**

The undersigned Judge is of the opinion that this is a non-complex case.

**RULE 26(F) SCHEDULING CONFERENCE —**

The parties have complied with the requirements of Rule 26(f) of the Federal Rules of Civil Procedure.

**SELF-EXECUTING ROUTINE DISCOVERY —**

The parties have completed exchange of self-executing routine discovery exchanges as required by U.S.D.C.L.R. 26.1(b).

Pursuant to the January 24, 2014 General Order Regarding Discovery Motions, available at http://www.wyd.uscourts.gov/pdfforms/orders/General%20Order%20re%20Discovery%20Motions%20KHR%20MLC.pdf, the parties shall confer regarding any discovery dispute, and in the event the parties cannot settle the discovery dispute on their own, counsel shall jointly contact Judge Carman's Chambers prior to filing any written discovery motions.

THE PARTIES HAVE A CONTINUING DUTY TO SUPPLEMENT OR CORRECT ALL DISCOVERY DISCLOSURES OR RESPONSES IN ACCORDANCE WITH FED. R. CIV. P. 26(a) AND U.S.D.C.L.R. 26.1(c).

**PROPOSED ORDERS —**

All proposed orders regarding dispositive motions filed in this matter should be submitted to Judge Skavdahl's chambers in Word or WordPerfect format and emailed to *wyojudgesws@wyd.uscourts.gov.*

All proposed orders regarding non-dispositive motions should be submitted to Judge Carman's chambers in a Word or WordPerfect format and emailed to *wyojudgemlc@wyd.uscourts.gov.*

**AMENDMENT OF PLEADINGS — AUGUST 30, 2018**

Any motions to amend the pleadings shall be filed on or before August 30, 2018.

**EXPERT WITNESS DESIGNATION —**

**Plaintiff Designation Deadline — October 10, 2018**

**Defendant Designation Deadline — November 13, 2018**

In accordance with U.S.D.C.L.R. 26.1(e), Plaintiff shall designate expert witnesses and provide Defendant with a complete summary of the testimony of each expert by October 10, 2018. PLAINTIFF'S DESIGNATION SHALL INCLUDE THE DESIGNATION OF ALL TREATING

MEDICAL AND MENTAL HEALTH PROVIDERS WHO MAY OR WILL BE CALLED TO TESTIFY AT TRIAL IN PART OR IN FULL AS AN EXPERT WITNESS. In accordance with U.S.D.C.L.R. 26.1(e),

Defendant shall designate expert witnesses and provide the Plaintiff with a complete summary of the testimony of each expert by November 13, 2018. These summaries <u>SHALL</u> include a comprehensive statement of the expert's opinions and the basis for the opinions. *See Smith v. Ford Motor Co.*, 626 F.2d 784 (10th Cir. 1980). This expert designation does not satisfy the obligation to provide an expert report under Federal Rule of Civil Procedure 26(a)(2)(B). Plaintiff may depose Defendant's experts after the discovery cutoff date, but must complete the depositions **fourteen (14) days** PRIOR to the final pretrial conference.

THE PARTIES SHALL SERVE UPON ONE ANOTHER, <u>AND FILE WITH THE COURT</u>, THEIR WRITTEN EXPERT AND SUMMARY REPORTS PURSUANT TO FED. R. CIV. P. 26(a)(2)(B) and (C).

<u>In cases where treating medical or mental health providers, including vocational rehabilitation specialists, may or will be called to testify at trial in part or in full as an expert witness, the party calling that witness SHALL designate that medical or mental health provider as an expert witness.</u>

The party designating the expert witness shall set forth all special conditions or requirements which the designating party or the expert witnesses will insist upon with respect to the taking of their depositions, including the amount of compensation the expert witness will require and the rate per unit of time at which said compensation will be payable. In the event counsel is unable to obtain such information to include in the designation, the efforts to obtain the

same and the inability to obtain such information shall be set forth in the designation. U.S.D.C.L.R. 26.1(e).

**INDEPENDENT MEDICAL EXAMINATION —**

Defendant may require Plaintiff to submit to physical examinations by experts designated by Defendants any time up to **five weeks** prior to the commencement of trial. Defendant shall designate said expert witnesses no later than **ten (10) days** after such examinations. Plaintiff may depose the examining expert witnesses any time prior to the commencement of trial.

**LISTING OF OTHER WITNESSES — DECEMBER 17, 2018**

The parties shall list all other witnesses that may be called at trial, other than the witnesses already identified in the initial disclosures and the expert witnesses to be designated as set forth above, on or before December 17, 2018. Such listing of witnesses shall include the name, address, and a summary of the expected testimony of each witness. Copies of such witness lists <u>shall be filed</u> with the Court. Witnesses not listed will be prohibited from testifying, absent consent of the Court for good cause shown. Testimony not reasonably set out in the summary may be disallowed on motion of the opposing party.

**DISCOVERY CUTOFF DATE — DECEMBER 10, 2018**

The discovery cutoff date is December 10, 2018. All written discovery requests shall be served upon and received by opposing counsel on or before the discovery cutoff date. All discovery depositions shall be completed by the discovery cutoff date. Subject to the limitations set forth in Fed. R. Civ. P. 32, trial depositions may be taken up to **seven (7) days** prior to the trial date.

DISPOSITIVE MOTIONS AND *DAUBERT* CHALLENGES[1] —

    **Filing Deadline – January 10, 2019**

    **Response Deadline – January 24, 2019**

    **Reply Deadline – January 31, 2019**

The deadline for the parties to file all dispositive motions and *Daubert* challenges together with briefs and materials in support thereof is January 10, 2019. The parties shall file responsive briefs and materials on or before January 24, 2019. At this time, there is no deadline set for reply briefs and materials. Reply briefs and affidavits shall be filed on or before January 31, 2019. <u>The parties shall strictly comply with all provisions of U.S.D.C.L.R. 7.1</u>. These motions will be decided by the Court upon motion without oral argument. If the Court determines that an oral argument is necessary, the Court will set a hearing date and provide notice of the hearing to the parties

    IF A DISPOSITIVE MOTION AND/OR *DAUBERT* CHALLENGE IS FILED EARLIER THAN THE ABOVE SCHEDULED DATE, THE RESPONDING PARTY MUST RESPOND IN ACCORDANCE WITH U.S.D.C.L.R. 7.1.

STIPULATIONS AS TO FACTS — MARCH 22, 2019

The parties shall exchange proposals for stipulations as to facts in accordance with U.S.D.C.L.R. 16.1(b). The parties shall file their stipulations of fact with the Court by March 22, 2019.

---

[1] A *"Daubert* Challenge" refers to those challenges made to the validity or admissibility of an expert's opinion testimony based upon the requirements under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L.Ed.2d 469 (1993) and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999).

**MOTIONS IN LIMINE —**

**Filing Deadline – March 21, 2019**

**Response Deadline – April 1, 2019**

Motions in limine or motions relating to the exclusion of evidence shall be filed no later than March 21, 2019. Responses shall be filed no later than April 1, 2019. Unless otherwise determined, the Court will rule on any motions in limine at the final pretrial conference.

**FINAL PRETRIAL CONFERENCE — APRIL 4, 2019**

A final pretrial conference in this matter is scheduled for 1:00 p.m. on April 4, 2019, before the Honorable Scott W. Skavdahl in Casper. Counsel for the parties shall appear in person.

BEFORE THE CONFERENCE, COUNSEL FOR REPRESENTED PARTIES ALL MUST AGREE UPON, PREPARE, AND SIGN A JOINT PROPOSED FINAL PRETRIAL ORDER PREPARED FOR JUDGE SKAVDAHL'S SIGNATURE IN THE FORMAT ATTACHED HERETO. THIS FORM WILL TAKE THE PLACE OF A FINAL PRETRIAL MEMORANDUM. All represented parties are jointly responsible for the preparation of the proposed Joint Final Pretrial Order. <u>A copy of the proposed order must be delivered directly to Judge Skavdahl's chambers (but not filed) via e-mail</u> to *wyojudgesws@wyd.uscourts.gov* or by U.S. Mail at least **seven (7) days** before the final pretrial conference.

**WITNESS AND EXHIBIT LISTS MUST BE EXCHANGED BY THE PARTIES (BUT NOT FILED) AT LEAST TEN (10) DAYS BEFORE THE FINAL PRETRIAL CONFERENCE.** <u>Exhibit lists must be attached to, and witness lists must be included as part of, the proposed Final Pretrial Order in accordance with the instructions in the form order.</u> The parties are not required to list rebuttal witnesses or impeachment exhibits.

COPIES OF ALL EXHIBITS AS TO WHICH THERE MAY BE OBJECTIONS MUST BE BROUGHT TO THE FINAL PRETRIAL CONFERENCE. If an exhibit is not brought to the final pretrial conference and an objection to the exhibit is asserted, the exhibit may be excluded from evidence for noncompliance with this order. EXHIBITS MUST BE PREPARED FOR THE FINAL PRETRIAL CONFERENCE AND FOR TRIAL IN ACCORDANCE WITH THE FOLLOWING INSTRUCTIONS:

*A. Marking of Exhibits*: All exhibits must be marked by the parties before trial. The Plaintiff shall list and mark each exhibit with numerals and the number of the case, and counsel for the Defendant shall mark each exhibit intended to be offered with letters and the number of the case, e.g., Civil No.____, Plaintiff's Exhibit 1; Civil No. _____, Defendant's Exhibit A. In the event there are multiple parties, "Plaintiff" or "Defendant" and the surname or abbreviated names of the parties shall proceed the word "Exhibit," e.g., Defendant Jones Exhibit A, Defendant Smith Exhibit A, etc.

*B. Elimination of Duplicate.* The parties should compare the exhibits and eliminate duplicates. If more than one party wants to offer the same exhibit, then it should be marked with a number and listed as a joint exhibit on the exhibit list of the Plaintiff(s).

*C. Copies for the Court.* Before trial, each party must supply the Court with <u>one (1) hard copy and one (1) electronic/digital copy</u> of all exhibits to be used at trial. The hard copies of exhibits should be placed in a ringed binder with a copy of the exhibit list at the front and with each exhibit tabbed.

**EXHIBIT LISTS —**

The parties' exhibit lists are to be prepared in the following format:

| EXHIBIT No. | DESCRIPTION | FILE NAME | OBJECTIONS (CITE FED.R.EVID) | CATEGORY A, B, C | OFFERED | ADMIT/NOT ADMITTED (A)-(NA)* |
|---|---|---|---|---|---|---|
| | | (e.g. *****.pdf) | | | | |
| | | (e.g. *****.jpeg) | | | | |
| | | | | | | |

* This column is for use by the judge at trial.

<u>The following categories are to be used for objections to exhibits</u>:

**Category A**. These exhibits are admissible upon motion of any party, and will be available for use by any party at any stage of the proceedings without further proof or objection.

**Category B**. These exhibits are objected to on grounds other than foundation, identification, or authenticity. This category should be used for objections such as hearsay or relevance.

**Category C**. These exhibits are objected to on grounds of foundation, identification, or authenticity. This category should not be used for other grounds, such as hearsay or relevance. <u>Failure to indicate objections to foundation shall be deemed to be a waiver of objections as to foundation for listed exhibits. Any party establishing foundation over objection may move for attorney fees and costs necessary to establish the foundation.</u>

ANY COUNSEL REQUIRING AUTHENTICATION OF AN EXHIBIT MUST SO NOTIFY THE OFFERING COUNSEL IN WRITING WITHIN **FIVE (5) BUSINESS DAYS**

AFTER THE EXHIBIT IS MADE AVAILABLE TO OPPOSING COUNSEL FOR EXAMINATION. Failure to do so is an admission of authenticity.

ANY EXHIBIT NOT LISTED ON THE EXHIBIT LISTS IS SUBJECT TO EXCLUSION AT TRIAL. THE COURT MAY DEEM ANY OBJECTION NOT STATED ON THE EXHIBIT LIST AS WAIVED.

**JURY EVIDENCE RECORDING SYSTEM (JERS) —**

The Court is implementing a new system for electronic submission of exhibits to the jury. The jury evidence recording system (JERS) allows jurors to review evidence (documentary, photo, or video exhibits) on a large plasma screen during deliberations. Attorneys should provide their trial exhibits in electronic format on a USB drive, DVD, or CD to the office of the Clerk of Court a minimum of **seven (7) days** prior to the start of trial.

All electronic evidence should be provided using the following formats:

- Documents and Photographs: .pdf, .jpg, .bmp, .tif, .gif
- Video and Audio Recordings: .avi, .wmv, .mpg, .mp3, .mp4, .wma, .wav

Regarding the file size of electronic evidence, <u>individual files should not exceed 500MB</u>. If possible, exhibits approaching or exceeding this size limit should be separated into multiple files. Parties may obtain additional information regarding the submission of electronic exhibits by contacting the Clerk's Office.

**WITNESS LISTS —**

The parties shall identify all witnesses they <u>will</u> call or <u>may</u> call and shall further identify whether each witness will testify in person, by deposition or by video tape.

## JURY TRIAL — MAY 13, 2019

A jury trial is set before the Honorable Scott W. Skavdahl on May 13, 2019, at 9:00 a.m. in Casper, and is expected to last seven days. This case is stacked #3, and may be vacated for any criminal trials which take precedence. The parties should contact the Clerk's Office to determine what technology is available in the assigned courtroom.

The parties shall exchange and file proposed voir dire questions, jury instructions and special verdict form no later than seven (7) days prior to the commencement of trial, subject to the right of counsel to supplement such requests during the course of trial on matters that cannot be reasonably anticipated. THE PROPOSED JURY INSTRUCTIONS AND SPECIAL VERDICT FORMS SHALL ALSO BE SUBMITTED DIRECTLY TO JUDGE SKAVDAHL'S CHAMBERS VIA E-MAIL TO wyojudgesws@wyd.uscourts.gov. The instructions must be formatted as a single document for WordPerfect or Word and shall include citations to authority.

At the same time as the filing of the jury instructions, <u>the parties shall file a joint statement setting forth briefly and simply, in a noncontentious manner, the background of the case and the claims and defenses being asserted</u>. The parties should make every effort to agree upon the language for the statement. To the extent the parties cannot agree, they should use the following format: "Plaintiff contends . . . .; Defendant contends . . . ."

## SETTLEMENT POSSIBILITIES —

The settlement possibilities of this case are considered by the undersigned Judge to be **fair.**

Dated this 2nd day of August, 2018.

Mark L. Carman
United States Magistrate Judge

